IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORIGA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | INFORMATION |
| | : | |
| v. | : | CRIMINAL NO. 5:25-CR-_____ |
| | : | |
| ASHLEY MOORE | : | VIOLATION: |
| | : | 18 U.S.C. § 1344(2) |
| | : | 18 U.S.C. § 2 |
| | : | |

THE UNITED STATES CHARGES:

## GENERAL INTRODUCTION

At all times relevant and material to this Information:

1. GDI Integrated Facility Services (hereinafter "GDI") provided facility maintenance and commercial cleaning services across the United States. GDI had a location in Centerville, Georgia which was established to support the Perdue cook plant in Perry, Georgia. In that capacity, GDI provided staffing services for workers in the Perdue cook plant.

2. **ASHLEY MOORE** was employed by GDI in Centerville, Georgia. Part of **ASHLEY MOORE'S** duties at GDI included hiring and managing employees hired to work at the Perdue cook plant.

3. Pathward NA was a financial institution as defined by Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation.

4. GDI provided their employees with Rapid Cards, which were bank cards managed by Pathward NA. **ASHLEY MOORE** would provide employees she hired with the Rapid Cards and was also in charge of processing their payroll. The employees would activate the card and their payroll would then be deposited onto the Rapid Card.

5. **ASHLEY MOORE** would process payroll and submit the hours by GDI employees to Perdue. Perdue would then pay GDI for those employees' wages plus a service fee to GDI.

1

6. **ASHLEY MOORE** also had access to employee records for both active and inactive employees, which included their name, date of birth, social security number, and address.

7. Employees of GDI who worked at Perdue would clock in to log their hours. Both Perdue and GDI kept a log of employee's hours.

## COUNT ONE
### (Bank Fraud)

The allegations contained in paragraphs 1 through 7 of the General Introduction of this Information are incorporated by reference as if set forth fully herein.

Beginning on or about December 1, 2022, and continuing through on or about March 31, 2024, in the Macon Division of the Middle District of Georgia, the Defendant,

**ASHLEY MOORE**

aided and abetted by others, both known and unknown to the United States Attorney, did knowingly execute a scheme and artifice to obtain money and funds under the custody and control of Pathward NA, by means of false and fraudulent pretenses, representations, and promises, in that **ASHLEY MOORE** had funds fraudulently deposited onto Rapid Cards controlled by Pathward NA and then withdrew or otherwise spent those funds.

The Scheme and Artifice to Defraud

1. Beginning on or around December 1, 2022, and continuing through on or about March 31, 2024, **ASHLEY MOORE** made it appear that former GDI employees had been rehired to work at the Perdue cook plant. She would then submit hours worked for these "ghost employees." In reality, these people had not been rehired and had not worked for GDI and Perdue.

2

2. **ASHLEY MOORE** would then take Rapid Cards for these "ghost employees" and activate them. Once payroll was deposited on the Rapid Cards, she would either take the cards to ATMs to withdraw the cash or use the cards to make point of sale transactions.

3. Between December 1, 2022, and March 31, 2024, ASHLEY MOORE used the identities of eight (8) "ghost employees" to bill Perdue $266,248.35 in wages, which totaled to $375,757.69 that Perdue had to pay GDI for those wages and GDI's service fees.

all in violation of Title 18, United States Code, Section 1344(2) and 2.

                                                C. SHANELLE BOOKER
                                                ACTING UNITED STATES ATTORNEY

By: _____
       ELIZABETH S. HOWARD
       ASSISTANT UNITED STATES ATTORNEY